UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAFECO INSURANCE COMPANY OF
AMERICA,

    Plaintiff,

vs.                                     Case No. 3:09-mc-25-J-25MCR

CLAUDE EVINS a/k/a CLAUDE EVANS,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel (Doc. 1) filed September 23, 2009. In the Motion, Plaintiff seeks an Order compelling non-party, Vincent Business Services ("Vincent"), to respond to a subpoena. Vincent's response to this Motion was due October 23, 2009. To date, no response has been filed. Accordingly, the Court will treat the Motion as though it was unopposed.[1]

### **I. BACKGROUND**

On April 29, 2008, Plaintiff, Safeco Insurance Company of America ("Safeco") served non-party Vincent with a subpoena for the production of documents. Despite numerous requests by Safeco, Vincent has not responded to the subpoena. As such,

---

[1] Vincent was originally required to file a response to the Motion to Compel by October 13, 2009. When Vincent failed to file a response by that date, the Court directed Vincent to file a response no later than October 23, 2009. (Doc. 5). Vincent was cautioned that failure to file a response would result in the Court treating the Motion to Compel as being unopposed. Id.

-1-

Safeco asks the Court to enter an Order compelling Vincent to respond to the subpoena.

## II. ANALYSIS

Motions to compel disclosures and other discovery under Rule 37(a) are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

As Vincent failed to file a response to the instant Motion, the Court must assume Vincent has not yet responded to the subpoena. Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Compel (Doc. 1) is **GRANTED**. Vincent is directed to produce the documents requested in the subpoena no later than **Monday, November 9, 2009**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  27th  day of October, 2009.

                                          *Monte C. Richardson*
                                        MONTE C. RICHARDSON
                                  UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Vincent Business Services
c/o Ronald Williams
6411-1 Arlington Road
Jacksonville, FL 32211